JIAN ZHONG LIAN, Petitioner,

v.

Michael B. MUKASEY, U.S. Attorney General, Respondent.

No. 08–1641–ag.

United States Court of Appeals, Second Circuit.

Dec. 4, 2008.

Oleh R. Tustaniwsky, Hualian Law Offices, New York, N.Y., for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, John C. Cunningham, Senior Litigation Counsel, and Joan H. Hogan, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

Present: JOSÉ A. CABRANES, ROBERT A. KATZMANN and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Jian Zhong Lian, a native and citizen of the People's Republic of China ("China"), seeks review of a March 11, 2008 order of the BIA denying his motion to reopen his removal proceedings. *In re Jian Zhong Lian*, No. A 75 776 733 (B.I.A. March 11, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006).

An alien seeking to reopen proceedings may only file one motion to reopen and must do so within 90 days of the final administrative decision. *See* 8 C.F.R. § 1003.2(c)(2). Lian filed his motion more than four years after the BIA's final decision. However, there is no time limit for filing a motion to reopen "to apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii).

Here, the BIA did not abuse its discretion in denying Lian's motion to reopen as untimely because the BIA reasonably determined that Lian failed to submit sufficient evidence of changed country conditions. *See* 8 C.F.R. § 1003.2(c)(3)(ii). The BIA reasonably determined that much of the evidence Lian submitted concerned his personal activities in the United States, which do not reflect any change in conditions in China. *See, e.g., Yuen Jin v. Mukasey*, 538 F.3d 143, 160 (2d Cir.2008); *Wei Guang Wang v. BIA*, 437 F.3d 270, 273–74 (2d Cir.2006). Moreover, the BIA properly found unpersuasive the China Democracy Party certificate's assertion that "if [Lian] were returned [to China] he would be arrested immediately," where there was no evidence of the author's expertise or basis of opinion and it was not

sworn. *See, e.g., Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir.2006) (holding that the decision as to the weight to be afforded to documentary evidence " 'lies largely' within the discretion of the IJ"). In addition, the BIA reasonably found that the evidence Lian submitted concerning the arrests of individuals in China did not necessarily reflect what would happen to him upon return because none of the articles or criminal judgments submitted concerning the arrests of dissidents indicate that they involved an individual who began and conducted China Democracy Party activities in the United States and was arrested for that conduct upon return to China. *See Jian Xing Huang v. INS*, 421 F.3d 125, 128–29 (2d Cir.2005) (holding that, absent solid support in the record for the petitioner's assertion that he would be subjected to persecution, his fear was "speculative at best").

As for Lian's argument that the BIA failed to explicitly consider all of the evidence in the record, the record reflects that the BIA reasonably considered the evidence in making its findings. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006)(the BIA need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner"); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n. 17 (2d Cir.2006) (we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"). Furthermore, the evidence that Lian claims the BIA failed to consider, does not compel a conclusion contrary to that of the BIA because it does not concern individuals in Lian's situation.[1] *See Jian Xing Huang*, 421 F.3d at 128–29.

1. While Lian also argues that the BIA erred in

failing to consider whether he qualified for

Lian argues that the BIA erred in finding that he could not file a successive asylum application based solely on changed personal circumstances. However, in *Yuen Jin v. Mukasey,* 538 F.3d 143 (2d Cir.2008), we upheld the BIA's interpretation of 8 C.F.R. § 1208.4(b)(2)(3)(ii) that aliens who have completed removal proceedings and who are under a final order of removal must file a new asylum application in conjunction with a motion to reopen and, accordingly, must meet the applicable requirements of a motion to reopen in order to succeed. Therefore, the BIA properly found that changed personal circumstances were insufficient to warrant reopening. *Id.* at 160.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

CAT relief, the BIA was not required to make this determination on the merits where he failed to make the threshold showing that country conditions had changed so as to warrant the reopening of his removal proceedings. *See* 8 C.F.R. § 1003.2(c)(3)(ii).